JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
jwhitmire@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
tedwards@nevadafirm.com
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE PAGE and IAN BLANKENSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>GRANDVIEW MARKETING, INC.; KEVIN M. SHEEHAN, individually; and "John Doe" Entities 1 to 25, name and number unknown,<br><br>Defendants. | Base File:<br>CASE NO.:   2:09-cv-01150-RCJ-GWF<br><br>Consolidated with:<br>CASE NO.:   2:09-cv-01152-RCJ-GWF<br><br>**Hearing Date:**   November 9, 2009<br>**Hearing Time:**   9:00 a.m. |

### ORDER GRANTING, IN PART, PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND MOTION FOR DISCOSURE OF INFORMATION RELATED TO POTENTIAL CLASS MEMBERS

This matter came before the Court on November 9, 2009 at 9:00 a.m. upon Plaintiffs Motion for Conditional Certification of a Collective Action and Motion for disclosure of Information Related to Potential Class Members ("Plaintiffs' Motion"). *Dkt. No. 33.* Plaintiffs Eddie Page and Ian Blankenship appeared through their attorney Trang Q. Tran, Esq. of the Tran Law Firm. Defendants Grandview Marketing, Inc. and Kevin M. Sheehan appeared through their attorneys James E. Whitmire, Esq. and F. Thomas Edwards, Esq. of the law firm Santoro, Driggs, Walch, Kearney, Holley & Thompson. The Court reviewed all the pleadings and papers on file herein, heard the arguments of counsel and good cause appearing:

IT IS HEREBY ORDERED that Plaintiffs Motion is granted in part as follows:

1. The putative class defined in Plaintiffs' Complaint is conditionally certified pursuant to 29 U.S.C. § 216(b), subject to Defendants right to file a motion for decertification later in the proceedings.[1]

2. The parties shall meet and confer to develop the form of notice to be sent to the putative class members. The notice shall be consistent with the directives given by the Court and the notice previously approved in <u>Williams v. Trendwest Resorts, Inc.</u>, 2:05-cv-00605-RCJ-LRL.

3. Within fourteen (14) days of approval (by court order or stipulation of the parties) of a form of notice, Defendants are required to provide to Plaintiffs the names and last known addresses of the individuals who meet the putative class definition. In the event that Defendants know that a putative class member's contact information is incorrect and have more recent valid contact information, such alternative information shall be provided to Plaintiff's counsel.

4. Plaintiffs shall have ten (10) days from receipt of the names and addresses of putative class members in which to circulate the notice at Plaintiffs' counsel's expense.

5. Putative class members shall have ninety (90) days from circulation of the notice of pendency in which to opt in to this action.

IT IS SO ORDERED.

DATED: December 8, 2009

_____
UNITED STATES DISTRICT JUDGE

---

[1] Paragraph 16 of the Complaint describes the class as:
All current and former U.S. based employees of Grandview Marketing, Inc., who (1) supervised other employees at time share promotional booths, (2) but did not participate in hiring and firing decisions, and (3) who worked more than forty (40) hours per week without receiving payment for overtime ant one and a half times their regular rate.

1  Respectfully submitted by:

2

3  

4  James E. Whitmire, Esq.
   F. Thomas Edwards, Esq.
5  SANTORO, DRIGGS, WALCH,
   KEARNEY, HOLLEY & THOMPSON
6  *Attorneys for Defendants*

7  Approved as to form:

8

9

10  Trang Q. Tran, Esq.
    TRAN LAW FIRM
11  *Attorney for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06195-14/Proposed Order Granting Collective Action

3