# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE PAGE, et al, | ) |
| | ) 2:09-cv-01150-RCJ-GWF |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| GRANDVIEW MARKETING, INC., and KEVIN M. SHEEHAN, | ) |
| | ) |
| *Defendants*. | ) |

## INTRODUCTION

Before the Court is Plaintiffs Eddie Page and Ian Blakenship ("Plaintiffs") Motion to Strike Defendant Grandview Marketing, Inc's Affirmative Defenses and Memorandum In Support pursuant to Rule 12(f). (#20).

## FACTS

The case underlying this motion is on based on alleged infractions under the Fair Labor Standards Act and Nevada's wage and hour statutes. Plaintiffs brought this case on behalf of themselves and purportedly on behalf of others similarly situated. Plaintiffs Page and Blakenship were employed as salaried managers by Defendant Grandview. The motion seeking class certification is pending. (#33).

Defendants' Answer to Plaintiff's Complaint included a number of affirmative defenses. Those relevant to this proceeding were: (1) poor job performance, (2) violation of company policy, (3) good faith, (4) compromise and release, (5) conflict of interest, (6) contributory negligence, (7)

1

set off for monies paid, (8) avoidance of payment by Plaintiffs, (9) failure to exhaust alternative remedies, (10) failure to timely demand payment, (11) failure to mitigate damages, (12) laches, (13) estoppel, (14) waiver, (15) release, (16) accord and satisfaction, and (17) unclean hands. (Docket No. 16, pp.9-12, ¶¶10, 11, 14, 16,17, 19, 20, 26, 28, 29, 30, 31, 32, 34, and 38).

## DISCUSSION

**A.    Legal Standard**

A court may grant a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) if the contested language constitutes an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Any portion of a pleading (including defenses) may be challenged by a Rule 12(f) motion to strike. Thus, a motion to strike is proper where an affirmative defense is clearly "irrelevant and frivolous" and its removal would avoid spending unnecessary time and money litigating the invalid defense. *SEC v. Gulf & Western Industries, Inc.*, 502 F.Supp. 343, (D. DC. 1980).

However, a motion to strike is rarely granted. Where there is doubt as to the relevance of the challenged allegations, courts generally err on the side of permitting the allegations to stand, particularly where the moving party shows no prejudice therefrom. *Dah Chong Hong, Ltd. v. Silk Greenhouse Flowers, Inc.*, 719 F. Supp. 1072, 73 (M.D. FL 1989). "A motion to strike . . . is not favored and should be grated only when the allegations complained of have no possible relation to the controversy. An allegation will not be stricken unless it has no relation to the controversy in any way and its presence in the pleading will cause prejudice which cannot be prevented by action at a pre-trial conference or by charge of the Court to the jury." *Williams v. McDaniel*, 119 F.Supp. 247, 252 (D. Nev. 1953); *see also* Wright & Miller, 5C *Federal Practice and Procedure* § 1380 (2009) ("Thus, in order to succeed on a Rule 12(f) motion to strike surplus matter from an answer, the federal courts have established a standard under which it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a

1  defense and that their presence in the pleading throughout the proceeding will be prejudicial to the
2  moving party.")

3  Motions to strike should not be granted unless it is clear that the matter to be stricken could
4  have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*,
5  758 F. Supp. 1335, 1339 (N.D. Cal. 1991); *Naton v. Bank of California*, 72 F.R.D. 550, 551 n. 4
6  (N.D. Cal. 1976) (citing 2A J. Moore, *Federal Practice* para. 12.21[2] at 2429 (2d ed. 1975)).
7  Matter which is "immaterial" is "that which has no essential or important relationship to the claim
8  for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.
9  1993), rev'd on other grounds, 510 U.S. 517, 127 L. Ed. 2d 455, 114 S. Ct. 1023 (1994) (citing 5A
10 Wright & Miller § 1382, at 706-07) (internal citations omitted). Therefore, the significant question
11 that is to be asked is whether the affirmative defenses will prejudice the Plaintiffs and whether they
12 are related to the controversy in any way, not their likelihood of success or merit.

13 **B.      Analysis**

14 As a threshold matter, it is important for the Court to acknowledge the stage of these
15 proceedings. Presently, the Complaint makes allegations based on not only claims of the named
16 parties but purported claims of purported class members. The motion for class certification is
17 currently pending disposition and no discovery has taken place. As such, Defendants are in a
18 position where they must make their answer, prepared to defend against both the named parties and
19 any other party that may potentially be part of the suit. It is therefore, important that Defendants
20 don't waive any potential defenses that they may have against the current Plaintiffs and potential
21 future class members.

22 Defendant points out, accurately, that Plaintiffs fail to make any arguments that the
23 affirmative defenses prejudice Plaintiffs in any way. They rather rely on standards of law that apply
24 to complaint pleading, not affirmative defenses. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)
25

(stating the requirements for a complaint to survive a motion to dismiss). Nor have Plaintiffs filed a Reply outlining any prejudice that denying their motion would bring upon Plaintiffs.

Rather, Plaintiffs' points and authorities memo addresses each affirmative defense discussing the absence of factual pleadings and lack of success these defenses will have. However, none of Plaintiff's attacks show that the affirmative defenses are completely unrelated to the present case, the named plaintiffs, and the purported plaintiffs. Once the class is certified and the suit has begun to take on more shape, it may be established that some of these affirmative defenses are unrelated and inapplicable. However, given the current disposition of the case, and the unknowns it contains, a motion to strike is too premature and must be denied.

**CONCLUSION**

The Court has considered the pleadings and arguments of all parties. IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike (#20) is DENIED.

DATED:     January 6, 2010

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE