# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE PAGE et al., ) | |
| Plaintiffs, ) | |
| vs. ) | 2:09-cv-01150-RCJ-GWF |
| GRANDVIEW MARKETING, INC. et al., ) | **ORDER** |
| Defendants. ) | |

Plaintiffs Eddie Page, Ian Blankenship, Thomas Levandoski, Michael Moretti, and Joyce Vance sued Defendants Grandview Marketing, Inc. and Kevin M. Sheehan for failure to pay overtime wages. Most of the present motions concern whether Plaintiffs' attorneys properly continued to litigate this case on behalf of Blankenship. Pending before the Court are Defendants' Motion for Summary Judgment (ECF No. 87), Blankenship's Motion for Extension of Time (ECF No. 89), Blankenship's Motion for Voluntary Dismissal (ECF No. 101), Plaintiff's Motion to Strike Defendants' Motion for Attorney's Fees (ECF No. 111), Espinueva's Motion for Voluntary Dismissal (ECF No. 112), and Defendants' Emergency Motion to Compel Attendance of Ian Blankenship at August 13, 2010 hearing (ECF No. 113).

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs Eddie Page and Ian Blankenship filed this collective action Complaint against Defendants in state court for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA") and Nevada Revised Statutes ("NRS") section 608.040. (*See* Compl., May 27, 2009,

1  ECF No. 1, at 9). Defendants removed. The Court has consolidated the case with a similar case
2  against Defendants brought by Levandoski, Moretti, and Vance. (Order, Nov. 10, 2009, ECF No.
3  58). The Court has approved the parties' stipulation to dismiss Page's and Blankenship's state
4  law claims as against Sheehan. (*See* Order, Sept. 30. 2009, ECF No. 41).

5  On November 5, 2009, Blankenship sent an e-mail to Plaintiffs' attorneys, stating that he
6  did not want to continue with his case. (*See* E-mail, ECF No. 107, Ex. A).

7  On December 8, 2009, the Court conditionally certified Page's and Blankenship's
8  collective action. (*See* Order, Dec. 8, 2009, ECF No. 64). On December 11, 2009, Magistrate
9  Judge Leen conditionally certified Plaintiffs Levandoski, Moretti, and Vance's collective action.
10 (*See* Mag. J. Order, Dec. 11, 2009, ECF No.65).

11 Plaintiffs filed an Amended Complaint ("AC") by leave of Court. (*See* AC, Feb. 12, 2010,
12 ECF No. 80; Order, Feb. 9, 2010, ECF No. 79). Defendants moved for summary judgment
13 against Plaintiff Blankenship, arguing that he no longer wished to pursue the action and in any
14 case was exempt from the FLSA's overtime provisions. Rather than respond, Plaintiffs moved
15 for an extension of time. On May 10, 2010, Blankenship sent an e-mail to his attorneys
16 reasserting his decision to not be involved in this lawsuit. On May 20, 2010, Blankenship moved
17 to voluntarily dismiss his claims against Defendants without prejudice. Defendants request that
18 dismissal be with prejudice, that steps are taken to ensure that no recovery is permitted for fees
19 and costs associated with Blankenship, and that Defendants be awarded attorney's fees for work
20 done responding to Blankenship's motions and moving for summary judgment against him.

21 On June 7, 2010, Plaintiffs filed a notice of consent stating that Joanna Espinueva
22 consented to join this action as a plaintiff. On June 25, 2010, Espinueva moved to voluntarily
23 dismiss her claims against Defendants without prejudice. Defendants do not oppose this motion.

24 On June 17, 2010, Plaintiffs moved to strike Defendants' response to Blankenship's

1  motion for voluntary dismissal for failure to comply with local rules.

2      On June 28, 2010, Defendants moved to compel Plaintiff Blankenship to attend an
3  upcoming hearing.

4  **II.   DISCUSSION**

5      **A.   Espinueva's Motion to Voluntarily Dismiss (ECF No. 112)**

6      Espinueva moves to voluntarily dismiss all her claims without prejudice, each party to
7  bear its own attorney's fees and costs. The Court may dismiss an action at a plaintiff's request by
8  court order. Fed. R. Civ. P. 41(a)(2). Defendants do not oppose Espinueva's motion. Therefore,
9  the Court grants Espinueva's motion to dismiss and dismisses her claims without prejudice.

10      **B.   Blankenship's Motion to Voluntarily Dismiss (ECF No. 101)**

11      Blankenship moves to voluntarily dismiss his claims without prejudice, each party to bear
12  its own attorney's fees and costs. The Court may dismiss an action at the plaintiff's request by
13  court order. Fed. R. Civ. P. 41(a)(2). "Once the defendant has filed a summary judgment motion
14  or answer, the plaintiff may dismiss the action only by stipulation . . . or by order of the court,
15  'upon such terms and conditions as the court deems proper' . . . ." *Cooter & Gell v. Hartmarx*
16  *Corp.*, 496 U.S. 384, 394 (1990). "The purpose of Rule 41(a)(2) is to protect a defendant from
17  undue prejudice or inconvenience from plaintiff's voluntary dismissal." *Collins v. Baxter*
18  *Healthcare Corp.*, 200 F.R.D. 151, 152 (D.D.C. 2001). "Generally, motions filed under Fed. R.
19  Civ. P. 41(a)(2) should be liberally granted, as long as no other party is prejudiced." *Watson v.*
20  *Clark*, 716 F. Supp. 1354, 1355 (D. Nev. 1989).

> Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable. For example, plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense.

24  *Id.* at 1356.

      Defendants do not oppose dismissal, but they request dismissal with prejudice, that steps are taken to ensure no recovery is permitted for fees and costs associated with Blankenship, and that Defendants be awarded attorney's fees for work done responding to Blankenship's motions and moving for summary judgment against him. Defendants note that, although Blankenship requested to be removed from this case in November of 2009, Plaintiff refused to abandon his claims. This led to Defendants filing a motion for summary judgment against Blankenship. Plaintiffs then moved for an extension of time to respond to the motion for summary judgment, to which Defendants also responded.

      Plaintiffs, in reply, provide a declaration of Blankenship stating that the Tran Law Firm was authorized to proceed with his case until May 10, 2010. (Blankenship Decl., ECF No. 110, Ex. A). Because Defendants have incurred costs of defending Blankenship's claims for over a year, dismissal will be with prejudice. And because Plaintiffs' attorneys expended resources filnig for summary judgment against Blankenship and opposing his motion to extend time, the Court will also award Defendants attorney's fees.

      **1.    Dismissal with Prejudice**

      Defendants argue that Blankenship's claims should be dismissed with prejudice because they have incurred the expense of defending against Blankenship's claims for over a year and because they have already filed a motion for summary judgment on his claims. Plaintiffs do not address Defendants' request for dismissal with prejudice in their reply. Defendants have incurred expense defending Blankenship's claims. Blankenship should not be allowed to force Defendants to incur those expenses anew should he decide to re-file. The Court dismisses Blankenship's claims with prejudice.

      **2.    Conditions on Plaintiffs' Future Recovery of Attorney's Fees**

      Defendants argue that Plaintiffs should not, in the future, be allowed to recover any

attorney's fees associated with representation of Blankenship after November of 2009 and that any award of attorney's fees to Plaintiffs in the future should take account their failure to timely dismiss Blankenship's claims.

Plaintiffs do not oppose this request, but instead point out that they themselves asked that the parties bear their own fees and costs associated with Blankenship's claims. the Court agrees that Defendants should not later be made to pay Blankenship's attorney's fees, but there is no reason to impose any additional conditions on Blankenship's voluntary dismissal in this respect.

### 3.   Defendants' Recovery of Attorney's Fees and Costs

Defendants argue that the Court should sanction Blankenship's attorneys by requiring them to pay Defendants' attorney's fees for responding to Blankenship's interrogatories served after Blankenship asked to withdraw, drafting the motion for summary judgment against Blankenship, and drafting responsive papers to Plaintiffs' request for additional time to oppose the motion for summary judgment. Defendants estimate that they incurred $12,706.00 in attorney's fees responding to Blankenship's filings after he asked to withdraw from the case.

The Court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to pay "attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Courts also have the inherent power to assess attorney's fees against counsel that has acted in bad faith, wantonly, vexatiously, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). The Court agrees with Defendants that Blankenship's attorneys unreasonably and vexatiously multiplied the proceedings, and the Court orders them to pay the attorneys fees and costs as requested. Defendants' attorneys shall file a separate affidavit and proposed order for this purpose.

### C.   Defendants' Motion for Summary Judgment (ECF No. 87)

Defendants move for summary judgment against Blankenship because Blankenship no

longer wishes to pursue this action and because Blankenship is exempt from the FLSA's overtime provisions. As discussed above, the Court grants Blankenship's motion to voluntarily dismiss his claims with prejudice. To the extent the motion for summary judgment is not moot, the Court grants it for failure to oppose. *See* Local R. Civ. P. 7-2(d). The Court denies Blankenship's motion for extension of time.

### D.     Motion to Strike (ECF No. 111)

Plaintiffs move to strike the portion of Defendants' response to Blankenship's motion to dismiss that seeks attorney's fees, because it does not comply with Local Rule 54-16. Local Rule 54-16 requires motions for attorney fees, unless a court orders otherwise, to include itemizations and summaries related to the work performed and an affidavit by an attorney stating that the fees and costs are reasonable. Local. R. Civ. P. 54-16(b), (c). "Failure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion." Local. R. Civ. P. 54-16(d).

Local Rule 54-16 states that "[w]hen a party is entitled to move for attorney's fees, such motion shall be filed with the court and served within fourteen (14) days after entry of the final judgment or other order disposing of the action." Local. R. Civ. P. 54-16. Likewise, Rule 54 of the Federal Rules of Civil Procedure states that a motion for attorney's fees may be "be filed no later than 14 days after the entry of judgment" "[u]nless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B).

Defendants argue that such an itemization is not necessary until after the Court enters judgment or orders sanctions. Furthermore, Defendants have filed a supplement to their response which itemizes their fees and costs. As noted above, the Court will award attorney's fees. Defendants' separate affidavit and proposed order will comply with the Local Rules.

//

### E. Defendants' Motion to Compel (#113).

Defendants move to compel Plaintiff Blankenship to attend a hearing that was scheduled for August 13, 2010 to examine him regarding whether he wished to proceed in this matter and have Plaintiffs' counsel represent him at all times prior to May 10, 2010. Because the Court decides this point in Defendants' favor, the motion is denied as moot.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 87) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (ECF No. 89) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Voluntary Dismissal (ECF No. 101) is GRANTED in part and DENIED in part. Blankenship's claims are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (ECF No. 111) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Voluntary Dismissal (ECF No. 112) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Emergency Motion to Compel Attendance of Ian Blankenship at August 13, 2010 hearing (ECF No. 113) is DENIED as moot.

IT IS SO ORDERED.

Dated this 29th day of November, 2010.

_____
ROBERT C. JONES
United States District Judge