1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8   EDDIE PAGE and IAN BLANKENSHIP,        )
9              Plaintiffs,                 )
                                           )          2:09-cv-1150-RCJ-GWF
10         v.                              )
                                           )
11                                         )              **ORDER**
    GRANDVIEW MARKETING, INC., et al.,     )
12                                         )
              Defendants.                  )
13                                         )
14  _____

15          Currently before the Court is Defendants' Request for Attorneys Fees in Compliance

16  with LR 54-16 (#144).  The Court heard oral argument on January 21, 2011.

17                              **BACKGROUND**

18          Plaintiffs Eddie Page, Ian Blankenship, Thomas Levandoski, Michael Moretti, and Joyce

19  Vance sued Defendants Grandview Marketing, Inc. and Kevin Sheehan for failure to pay

20  overtime wages.  On November 5, 2009, Blankenship sent an e-mail to Plaintiffs' attorneys

21  stating that he did not want to continue with the case.  (*See* Blankenship Email No. 1 (#107)

22  at Ex. A).  In February 2010, Plaintiffs filed an amended complaint.  (Amended Complaint

23  (#80)).  In April 2010, Defendants filed a motion for summary judgment against Blankenship,

24  arguing that he no longer wished to pursue the action and was exempt from the Fair Labor

25  Standards Act's overtime provisions.  (Mot. for Summary Judgment (#87)).  Rather than

26  respond, Plaintiffs moved for an extension of time.  (Mot. to Extend Time (#89)).  On May 10,

27  2010, Blankenship sent an e-mail to his attorneys reasserting his decision to not be involved

28  in the lawsuit.  (*See* Blankenship Email No. 2 (#107) at Ex. B).  On May 20, 2010, Blankenship

1  moved to voluntarily dismiss his claims against Defendants without prejudice. (Mot. to Dismiss

2  (#101)).

3  In an order, this Court dismissed Blankenship's case with prejudice and awarded

4  Defendants' attorneys' fees because "Defendants have incurred costs of defending

5  Blankenship's claims for over a year."  (Order (#141) at 4).  This Court agreed "with

6  Defendants that Blankenship's attorneys unreasonably and vexatiously multiplied the

7  proceedings, and . .. order[ed] them to pay the attorneys fees and costs as requested." (*Id.*

8  at 5).  This Court ordered Defendants' attorneys to file a separate affidavit and a proposed

9  order for this purpose.  (*Id.*).

10  Defendants' filing is now before the Court.

11  **DISCUSSION**

12  Defendants filed a motion in compliance with LR 54-16.  (Mot. for Att'y Fees (#144)).

13  Defendants seek attorneys' fees in the amount of $12,706.00 for work performed between

14  November 5, 2009, when Blankenship sent his first email to his attorneys stating that he did

15  not want to participate in the lawsuit, through May 2010, when Blankenship sent his second

16  email to his attorneys stating that he did not want to participate in the lawsuit and when his

17  attorneys complied with his wishes.  (*Id.* at 3-4).  Defendants do not seek costs.  (*Id.* at 3).

18  In response, Plaintiffs' attorneys argue that Blankenship authorized them to continue

19  to represent him throughout the case until May 10, 2010, and, thus, Defendants are not

20  entitled to attorneys' fees spent on discovery or drafting their motion for summary judgment.

21  (Opp. to Mot. for Att'y Fees (#149) at 2).  Alternatively, Plaintiffs' attorneys argue that the

22  factors for reasonable and necessary attorneys' fees do not support the amount claimed by

23  Defendants because Defendants filed their motion for summary judgment six months ahead

24  of the Court's schedule for dispositive motions.  (*Id.* at 4).  They argue that Defendants should

25  not recover any attorneys' fees.  (*Id.* at 4-5).  However, they assert that, if attorneys' fees are

26  awarded, this Court should order fees against the Tran Law Firm, LLP, only and not against

27  local counsel Leon Greensberg.  (*Id.* at 5).

28  Here, Plaintiffs' attorneys attempt to re-litigate decisions this Court already has made.

1   In this Court's previous order, this Court found that Defendants were entitled to attorneys' fees

2   after November 5, 2009.  (*See* Order (# 141) at 4-5).  Thus, Plaintiffs' attorneys attempt to,

3   once again, argue that they had authority through May 10, 2010, to continue with the lawsuit

4   is unavailing.  (*Compare* Order (#141) at 4, *with* Opp. to Mot. for Att'y Fees (#149) at 3).

5   Accordingly, this Court grants Defendants' request for attorneys' fees (#144) against the Tran

6   Law Firm, LLP.

7                                               **CONCLUSION**

8           For the foregoing reasons, IT IS ORDERED that Defendants' Request for Attorneys

9   Fees in Compliance with LR 54-16 (#144) is GRANTED against the Tran Law Firm, LLP in the

10  amount of $12,706.00.

11

12          DATED: This _4th day of February, 2011.

13

14                                              _____
                                                United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28